**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

SCOTTY ROLAND,                              §
                                           §
                    Plaintiff,             §
                                           §     Civil Action No.: 3:25-cv-2229
v.                                         §
                                           §     **JURY TRIAL DEMANDED**
WALMART, INC f/k/a                         §
WAL-MART STORES, INC                       §
                                           §
                    Defendant.             §

**COMPLAINT**

Plaintiff, **SCOTTY ROLAND**, ("Plaintiff"), by and through his undersigned counsel,

**JOHNSON BECKER, PLLC** and **CLARK VON PLONSKI ANDERSON**, hereby submits the

following Complaint and Demand for Jury Trial against Defendant, **WALMART, INC. f/k/a**

**WAL-MART STORES, INC.** ("Walmart") and alleges the following upon personal knowledge

and belief, and investigation of counsel:

**NATURE OF THE CASE**

1.     This is a product liability action seeking recovery for substantial personal injuries and

damages suffered by Plaintiff, after Plaintiff was seriously injured by an "Instant Pot DUO"

(hereafter generally referred to as "pressure cooker(s)" or "subject pressure cooker") marketed,

imported, distributed, and sold by Walmart and designed, manufactured, marketed, imported,

distributed and/or sold by Instant Brands, LLC. ("Instant Brands").  Instant Brands is currently

engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District

of Texas, and an automatic stay has been imposed. *See In re: Instant Brands Acquisition Holdings,*

*Inc., et. al.,* 4:2023-bk-90716 [Dkt. 1].

2.     Said pressure cookers are advertised as convenient and safe and are touted for their

supposed "safety" mechanisms, which claim to prevent the units from being opened while in use

1

and pressurized. Despite these claims of "safety," Defendants collectively designed, manufactured, marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3.      Specifically, said defects manifest themselves when, despite these statements, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. In this case, the lid of the pressure cooker was able to be opened or removed while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

4.      Defendant knew or should have known of these defects, but have nevertheless put profit ahead of safety by continuing to sell their pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

5.      As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### SCOTTY ROLAND

6.      Plaintiff is a resident and citizen of the City of Cleburne, County of Johnson, State of Texas Plaintiff is therefore a resident and citizen of the State of Texas for purposes of diversity pursuant to 28 U.S.C. § 1332.

7.      On or about January 1, 2022, Plaintiff purchased the subject pressure cooker from the Walmart store located at 1616 West Henderson, Cleburne, TX 76031.

8.      On or about September 3, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms" which purport to keep the consumer and their families safe while using the pressure cooker.  In addition, the incident occurred as a result of Defendants' failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

### WALMART

9.      Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

10.     At all times relevant, Defendant Walmart substantially participated in the marketing, distribution and

### JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiff is a resident citizen of the State of Texas and all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

13. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant had sufficient minimum contacts with the State of Texas and intentionally availed itself of the markets within the State of Texas through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

14. Walmart is engaged in the business of marketing, importing, distributing, and selling a wide range of consumer products, including the subject "Instant Pot Duo Pressure Cooker," which specifically includes the Duo model that is at issue in this case.

15. The subject pressure cooker was designed, manufactured, marketed, imported, distributed, and/or sold by Instant Brands, LLC.

16. On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1]. JCPenney's is therefore liable as the manufacturer of the subject pressure cooker pursuant to TEX. CIV. PRAC. & REM. CODE § 82.003.

17. On or about January 1, 2022, Plaintiff purchased the subject pressure cooker from the Walmart store located at 1616 West Henderson, Cleburne, TX 76031.

18. The pressure cookers marketed, imported, distributed, and sold by Defendants purport to be designed with "Safety Mechanisms" which purport to eliminate many common errors which may cause harm or spoil food, misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

19. Specifically, according to the User Manual accompanying each individual unit sold, each unit comes equipped with a "float valve" which rises as the cooker heats up and builds pressure, locking the lid in place while under pressure.

20.    By reason of the forgoing acts or omissions, the above-named Plaintiff a purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

21.    Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

22.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured in that it failed to properly function as to prevent the lid from being rotated, opened, and removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the pressure cookers.

23.    The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

24.    Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

25.    Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public.  Nevertheless, Defendants continue to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of the pressure cookers.

26.    As a direct and proximate result of Defendants' concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, and their failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably

dangerous pressure cooker at his home in Cleburne County, which resulted in significant and painful bodily injuries to Plaintiff.

27.    Consequently, the Plaintiff in this case seeks damages resulting from the use of the subject pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

### COUNT I
### STRICT LIABILITY - DESIGN DEFECT

28.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

29.    Defendant was the seller, distributor, marketer, and supplier of the subject pressure cooker, which was negligently designed.

30.    Defendant failed to exercise reasonable care in inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its pressure cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

31.    As a result, the subject pressure cookers, including Plaintiff's pressure cooker, contain defects in their design which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant. The defect in the design allows consumers such as Plaintiff to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree scald burns.

32.    The Plaintiff in this case used his pressure cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

33.    The subject pressure cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

34.    The design defects allowing the lid to open while the unit was still pressurized directly rendered the pressure cookers defective and were the direct and proximate result of Defendants' negligence and failure to use reasonable care in testingand promoting the pressure cookers.

35.    As a direct and proximate result of Defendant's negligent design of its pressure cookers, the Plaintiff in this case suffered injuries and damages described herein.

36.    Despite the fact that Defendant knew or should have known that the Plaintiff and consumers like her were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## COUNT II
## STRICT LIABILITY - FAILURE TO WARN

37.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully herein.

38.    At the time in which the pressure cooker was purchased, up through the time Plaintiff was injured, Defendant knew or had reason to know that its pressure cookers were dangerous and created an unreasonable risk of harm to consumers.

39.    Defendant had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Pressure Cookers likely to be dangerous.

7

40.    As a direct and proximate result of Defendant's  failure to warn of the dangers of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

41.    Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market their pressure cookers to the general public (and continues to do so).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## COUNT III
### NEGLIGENCE

42.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

43.    Defendant had a duty of reasonable care to market and sell non-defective pressure cookers that are reasonably safe for its intended uses by consumers, such as Plaintiff.

44.    Defendant failed to exercise ordinary care in the sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

45.    Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Failed to ensure or otherwise verify the its pressure cookers complied with industry standards, including, but not limited to UL 136/UL 1026; and

8

d.  Other acts of negligence which will be discovered and presented at trial.

46.    Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendants continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

47.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

48.    At the time Defendant marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

49.    Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

50.    Plaintiff reasonably relied on Defendants' representations that its pressure cookers were a quick, effective and safe means of cooking.

51.    Defendants' pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

9

52.    Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

53.    Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## INJURIES & DAMAGES

54.    Adopting and incorporating the facts stated herein, as a direct and proximate result of the incident in question, and Defendant's acts or omissions as described herein, Plaintiff was caused to suffer mental anguish and endure anxiety, physical pain and impairing injuries, including past and future losses which include:

    A.  pain and suffering, past and future;

    B.  mental anguish, past and future;

    C.  physical impairment, past and future;

    D.  Past and future necessary medical, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices;

    E.  disfigurement, past and future; and,

    F.  loss of earnings and earning capacity, past and future.

## JURY DEMAND

Plaintiff hereby demands a Jury trial on the issues in this case.

10

## CONCLUSION & PRAYER

For these reasons, Plaintiff asks the Court to award Plaintiff a judgment against Defendant for the following: (a) actual damages, (b) prejudgment and post judgment interest, (c) court costs, and (d) all other relief to which Plaintiff is entitled.

DATED this 19th day of August 2025.

**CLARK │VON PLONSKI │ANDERSON**

*/s/ Collen Clark, Esq.*
COLLEN A. CLARK
State Bar No. 04309100
R. CONNOR BARBE
State Bar No. 241085
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214-780-0500/214-780-0501 Fax
eservice@cvpalaw.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (#0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***

11